```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT
```

```
MECCA A. SHAKUR                :
                               :              PRISONER
     v.                        :     Case No. 3:04CV1835(WIG)
                               :
WARDEN J.E. DZURENDA, et al.   :
```

RULING AND ORDER

Plaintiff seeks preliminary injunctive relief that would require defendants to provide him the amount of out-of-cell time required by law and the same out-of-cell and recreation opportunities as general population inmates receive at MacDougall Correctional Institution.

"[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be routinely granted.'" Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981) (quoting Medical Society of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977)).  In addition, a federal court should grant injunctive relief against a state or municipal official "only in situations of most compelling necessity."  Vorbeck v. McNeal, 407 F. Supp. 733, 739 (E.D. Mo.), aff'd, 426 U.S. 943 (1976).

In this circuit the standard for injunctive relief is well established.  To warrant preliminary injunctive relief, the moving party "must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious

questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." Brewer v. West Irondequoit Central Sch. Dist., 212 F.3d 738, 743-44 (2d Cir. 2000).

Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony are not required in all cases. See Drywall Tapers & Pointers Local 1974 v. Local 530, 954 F.2d 69, 76-77 (2d Cir. 1992). Where, as here, "the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., Moore's Federal Practice ¶ 65.04[3] (2d ed. 1995). Upon review of the record, the court determines that oral testimony and argument are not necessary in this case.

The purpose of a preliminary injunction is to preserve the status quo between parties pending a final determination of the merits. See Arthur Guinness & Sons, PLC v. Sterling Publishing Co., 732 F.2d 1095, 1099 (2d Cir. 1984) (citations omitted). Here, however, plaintiff seeks to alter, not preserve, the status quo. In this circumstance, an injunction should issue "only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will

2

result from a denial of preliminary relief." <u>Tom Doherty Assoc. v. Saban Entertainment, Inc.</u>, 60 F.3d 27, 34 (2d Cir.1995) (citation omitted).  "The 'clear' or 'substantial' showing requirement ... alters the traditional formula by requiring that the movant demonstrate a greater likelihood of success." <u>Id.</u>  In addition, the movant must demonstrate that he will suffer irreparable harm if the injunction is denied. <u>See</u> <u>id.</u> at 37-39.

    Plaintiff states that he receives out-of-cell recreation four days per week, but not on federal holidays.  He also states that he suffers from high blood pressure and takes medication that causes weight gain.  Although plaintiff states that he needs to exercise, he does not indicate why he cannot perform exercises in his cell to supplement his allotted time in the recreation yard or gymnasium.  This district has recently determined that inmates may receive their required exercise by performing exercises in their cell in addition to time spent in recreation yards.  <u>See</u> <u>Morgan v. Rowland</u>, 3:01cv1107(CFD), 2006 WL 695813, at *7 (D. Conn. Mar. 17, 2006) ("While courts have found that denial of all opportunity to exercise violates an inmate's constitutional rights, they have found no violation where the inmate has some opportunity for exercise, either in or outside of his cell.") (citations omitted).  Because plaintiff concedes that he receives some opportunity to exercise, the court concludes that he has not demonstrated that he clearly is entitled to the

requested relief or that he will suffer irreparable harm should this motion be denied.

Plaintiff's motion for preliminary injunctive relief [**doc. #18**] is **DENIED**.

This is **not** a recommended ruling.  The parties have consented to the exercise of jurisdiction by a magistrate judge and this case was transferred to the undersigned for all purposes on March 22, 2006.

**SO ORDERED**   at Bridgeport, Connecticut, this   5th    day of May, 2006.

 /s/ *William I. Garfinkel*
WILLIAM I. GARFINKEL
UNITED STATES MAGISTRATE JUDGE